UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
IN ADMIRALTY

|  |  |
|---|---|
| DHL PROJECT & CHARTERING LIMITED, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )  CIVIL ACTION FILE  NO. CV416-123 |
| NEWLEAD HOLDINGS LTD., NEWLEAD SHIPPING S.A., NEWLEAD BULKERS S.A. NEWLEAD CASTELLANO LTD., GRAND VENETICO INC., NEWLEAD VENETICO LTD., | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF DHL PROJECT & CHARTERING LIMITED'S
MOTION TO CONSOLIDATE
WITH INCORPORATED MEMORANDUM OF LAW**

COMES NOW DHL Project & Chartering Limited ("DHL" or "Plaintiff"), by and through its undersigned counsel of record, and files this Motion to Consolidate with Incorporated Memorandum of Law, seeking to consolidate this action with the related proceeding pending as Civil Action File No. CV416-093. Plaintiff respectfully shows as follows:

**I.     STATEMENT OF PERTINENT FACTS**

On May 25, 2016, Plaintiff DHL filed a Complaint in this Court, alleging two causes of action. The first cause of action is for breach of contract against Defendants Newlead Shipping S.A., Newlead Bulkers S.A., and Grand Venetico Inc. in connection with damages incurred as a result of a crack in the hull of the vessel M/V Newlead Venetico which was on time charter to DHL from one or more Newlead entities. The breach of a charter party is a maritime claim which

is subject to this Court's admiralty jurisdiction. The second cause of action alleges alter ego of Defendants Newlead Holding Limited, Newlead Shipping S.A., Newlead Bulkers S.A., Newlead Castellano Limited, Grand Venetico Inc., and Newlead Venetico Ltd. DHL prayed for the Court to issue an order for a writ of attachment pursuant to Supplemental Admiralty Rule B against the vessel M/V Newlead Castellano (the "Vessel"), which was and is present within the District to secure the claims of DHL against Newlead. Upon filing, the case was marked related to an already-pending case, *Ray Capital, Inc., et al. v. M/V Newlead Castellano*, Case No. 16-cv-093 (JRH).

On April 19, 2016, Ray Capital, Inc. Oppenheim Capital Ltd., Cheyenne Holdings Ltd., and Labroy Shiptrade Limited (collectively, the "Ray Capital Plaintiffs") filed a Complaint in this Court against M/V Newlead Castellano, IMO No. 9686338, her engines, tackle, equipment, furniture, appurtenances, etc., *in rem*, and against Newlead Castellano Ltd. *in personam* (Case No. 16-cv-093 (JRH)). The Court ordered a writ of attachment and warrant of arrest (pursuant to Supplemental Admiralty Rules B and C, respectively) on the vessel M/V Newlead Castellano, which were served on the Vessel on April 19, 2016 (Dkts. 12, 14).

As this Court is aware, there was a hearing held on July 11, 2016 on Defendant's Motion to Vacate the arrest and attachment of the Vessel, which asserted that the Ray Capital Plaintiffs do not have a maritime claim pursuant to certain loan agreements which were collateralized by the Vessel (Dkt. 15). Pursuant to an Order issued by this Court on July 14, 2016, the arrest of the Vessel was vacated, and the attachment of the Vessel currently stands (Dkt. 47). The Court has set a briefing schedule with respect to the Ray Capital Plaintiffs' motion for reconsideration and Defendants' cross-motion to uphold the vacatur (Dkt. 55).

The Vessel is currently scheduled to be sold at judicial auction, pursuant to Supplemental Admiralty Rule E(9), on August 8, 2016 (Dkt. 48).  Once the *custodia legis* costs are disbursed to the Ray Capital Plaintiffs in the amount of $455,407.20, the sale proceeds will stand as a substitute *res* for the Vessel, against which DHL and the Ray Capital Plaintiffs both have claims.

Pursuant to an Order dated July 22, 2016, Defendants have until October 14, 2016 to conduct factual discovery on the Plaintiffs' Motion for Summary Judgment (Dkt. 55).

## II.   ARGUMENT AND CITATION OF AUTHORITIES

### A.   Under Rule 42(a), This Court Should Exercise its Discretion To Consolidate The Claims Made In This Case With The Claims Pending In Civil Action File No. CV416-093.

Under Rule 42 of the Federal Rules of Civil Procedure (FRCP), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  FRCP 42(a).   "Rule 42(a) codifies a trial court's inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  Radcliff v. Dolgencorp, LLC, 4:10-CV-150, 2010 WL 3785582, at *1 (S.D. Ga. Sept. 27, 2010), citing Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985)(citing In re Air Crash Disaster at Florida Everglades, 549 F.2d 1006, 1012 (5th Cir.1977))(quoting Landis v. North American Co., 299 U.S. 248, 254 (1936)).  "The proper solution to problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)." Radcliff at *1, citing Hargett v. Valley Fed. Sav. Bank, 60 F.3d 754, 765–66 (11th Cir.1995) (citing Miller v. U.S. Postal Serv., 729 F.2d 1033, 1036 (5th Cir.1984)).  The Eleventh Circuit Court of Appeals has "encouraged trial judges to 'make good use of Rule 42(a) ... in order to expedite the

trial and eliminate unnecessary repetition and confusion.'" Hendrix at 1495, citing Dupont v. Southern Pacific Co., 366 F.2d 193, 195 (5th Cir.1966).

To determine whether consolidation is appropriate, the court must assess the following factors:

> whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Halo Wireless, Inc. v. TDS Telecommunications Corp., 1:11-CV-2749-RWS, 2012 WL 246393, at *2-3 (N.D. Ga. Jan. 26, 2012).

DHL respectfully submits that consolidation is appropriate because both cases involve common questions of law and fact. Indeed, this Court has already recognized these overlapping issues, choosing to mark the later-filed case against the Vessel as related. This Court should go further to allow the consolidation of the cases, because as set forth above, once the Vessel is sold, the sale proceeds will stand as a substitute *res* for the Vessel, against which DHL and the Ray Capital Plaintiffs both have claims. Whether the Ray Capital Plaintiffs have a valid, maritime claim against the Vessel pursuant to Supplemental Admiralty Rule B and/or Rule C directly affects the availability of funds available to satisfy the claims of DHL. Accordingly, DHL seeks to consolidate the cases so that it may participate in motion practice as to the non-maritime nature of the Ray Capital Plaintiffs' claims, and for this Court to make a determination as to the priority of claims against the Vessel sale proceeds. Ultimately, the consolidation of these two actions would prevent prejudice to DHL, as well as prevent possible inconsistent judgments and save both the parties' and the court's resources.

### III. CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that its motion be granted and that this case be consolidated with Civil Action 4:16-cv-093.

This 28th day of July, 2016.

        BRENNAN WASDEN & PAINTER LLC

        By: /s/ Travis D. Windsor_____
           William E. Dillard
           State Bar No. 222030
           Travis D. Windsor
           State Bar No. 770441
           P.O. Box 8047
           Savannah, Georgia 31412
           (912) 232-6700
           FAX (912) 232-0799
           bdillard@brennanwasden.com
           twindsor@brennanwasden.com
           *Attorneys for Plaintiff DHL Project &*
           *Chartering Limited*

        HOLLAND & KNIGHT LLP

        By: /s/ James H Power\_\_\_\_
           James H. Power (*pro hac vice*)
           31 West 52nd Street
           New York, New York 10019
           Telephone:  212-513-3200
           Telefax: 212-385-9010
           Email:  james.power@hklaw.com
           *Attorneys for Plaintiff DHL Project &*
           *Chartering Limited*