IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
IN ADMIRALTY

| | | |
|---|---|---|
| DHL PROJECT & CHARTERING LIMITED, | * * * | |
| Plaintiff, | * * | |
| v. | * * * | CV 416-123 |
| NEWLEAD HOLDINGS LTD.; NEWLEAD SHIPPING S.A.; NEWLEAD BULKERS S.A.; NEWLEAD CASTELLANO LTD.; GRAND VENETICO INC.; NEWLEAD VENETICO LTD., | * * * * * * * | |
| Defendants. | * | |

**O R D E R**

Presently before the Court is DHL Project & Chartering Limited's motion to consolidate (Doc. 11). For the reasons below, this motion is **DENIED**.

**I. BACKGROUND**

On April 19, 2016, Ray Capital Inc., Oppenheim Capital Ltd., Cheyenne Holdings Ltd., and Labroy Shiptrade Ltd., instituted the case numbered 4:16-cv-00093-JRH ("Case 1") by filing a verified complaint with this Court alleging a number of claims against M/V Newlead Castellano, IMO No. 9686338 ("Vessel"), and Newlead Castellano Ltd. (Case 1, Compl., Doc. 1.) Thereafter, the plaintiffs amended their complaint such

that they now assert the following claims: (1) a foreclosure claim pursuant to Ray Capital's promissory note and the Maritime Lien Act and the Ship Mortgage Act, 46 U.S.C. § 31301, *et seq.* ("Act"); (2) a foreclosure claim pursuant to the plaintiffs' preferred mortgages and the Act; (3) a foreclosure claim pursuant to Ray Capital's payment of seamen's wages; and (4) a breach of contract claim pursuant to the plaintiffs' preferred mortgages. (Case 1, Am. Compl., Doc. 18.)

On May 25, 2016, DHL Project & Chartering Limited ("DHL") instituted the instant case ("Case 2") by alleging (1) a breach of contract claim against Newlead Shipping S.A., Newlead Bulkers S.A., and Grand Venetico Inc., and (2) an alter ego claim against Newlead Holdings Ltd. for their control of Newlead Shipping S.A., Newlead Bulkers S.A., Newlead Castellano Limited, Grand Venetico Inc., and Newlead Venetico Ltd.[1] (Case 2, Compl., Doc. 1 ¶¶ 21-69.) Since that time, DHL has filed the instant motion asking the Court to consolidate Cases 1 and 2 because (1) "both cases involve common questions of law and fact" and (2) "once the Vessel is sold, the sale proceeds will stand as a substitute *res* for the Vessel, against which DHL and the Ray Capital [p]laintiffs both have claims." (Doc. 11 at 4.)

---

[1] In Case 2, also on May 25, 2016, the Court directed the Clerk to issue process of maritime attachment and garnishment for seizure of the Vessel. (Doc. 2.)

2

## II. DISCUSSION

According to Federal Rule of Civil Procedure 42(a),

> [i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Here, Cases 1 and 2 have three clear similarities. First, the plaintiffs in Case 1 and the plaintiff in Case 2 have both asserted claims against Newlead Castellano Ltd. and the Vessel. Second, the Vessel has been attached in both cases. Third, the plaintiffs in Case 1 and the plaintiff in Case 2 both hope to obtain the proceeds from the sale of the Vessel to satisfy their underlying claims.

However, these similarities alone do not permit the Court to heed DHL's request and consolidate Cases 1 and 2. At the very least, the two cases must present a "common question of law or fact." Yet, in evaluating the paragraphs within the cases' respective complaints, the Court sees no common factual allegations. Moreover, though breach of contract claims have been alleged in both cases, the breach of contract claim in Case 1 arises out of a preferred ship mortgage, whereas the claim in Case 2 arises out of a charter party. Hence, the claims do not present the legal commonality needed. Accordingly, the Court will not consolidate Cases 1 and 2. See Halo Wireless, Inc. v. TDS Telecomm. Corp., Nos. 2:11-cv-158, 1:11-cv-2749, 2012 WL

3

246393, at *2 (N.D. Ga. Jan. 26, 2012) ("Although the decision to consolidate cases is committed to the sound discretion of the trial court . . . . a trial court may consolidate cases only when (1) the actions involve a common question of law or fact and (2) they are pending before the same court.").

### III. CONCLUSION

In light of the foregoing, the Court **DENIES** Plaintiff's motion to consolidate (Doc. 11).

**ORDER ENTERED** at Augusta, Georgia, this 25th day of August, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA