UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
IN ADMIRALTY

| | | |
|---|---|---|
| DHL PROJECT & CHARTERING LIMITED, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CIVIL ACTION FILE NO. CV416-123 |
| NEWLEAD HOLDINGS LTD., NEWLEAD SHIPPING S.A., NEWLEAD BULKERS S.A. NEWLEAD CASTELLANO LTD., GRAND VENETICO INC., NEWLEAD VENETICO LTD., | ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss.: |
| COUNTY OF NEW YORK | ) |

## AFFIDAVIT OF SERVICE

James H. Power, being duly sworn, deposes and says:

1.  I am over 18 years of age, am an attorney with the firm of Holland & Knight LLP, am not a party to the action and reside in the Hudson County, New Jersey.

2.  On April 19, 2016, National Maritime Services of Fort Lauderdale ("National Maritime") was appointed by this Court as substitute custodian over the vessel M/V Newlead Castellano (the "Vessel") which was under arrest and attachment pursuant to Supplemental Admiralty Rules B and C in related action styled *Ray Capital Inc., et al. v. M/V Newlead Castellano, et al.*, No. 16-cv-93 (S.D. Ga.) (referred to herein as the "Brokerage Commission Case"). *See* 16-cv-93, Dkt. 7.

3. On August 5, 2016, at approximately 2:43pm I served a true copy of the attached Order of Issuance and Process of Maritime Attachment and Garnishment, and Process of Maritime Attachment and Garnishment, upon:

> Alan Swimmer, President
> National Maritime Services
> aswimmer@seizureandcustody.com

by e-mail, as authorized by the Order (Dkt. 2).

4. Service was acknowledged by Mr. Swimmer by return e-mail (attached hereto) on August 5, 2016 at approximately 4:01pm stating that the Order and Process was forwarded to the Vessel's Master. In the same email from Mr. Swimmer, notice of DHL's attachment of the Vessel was given to counsel for plaintiffs in the Brokerage Commission Case who were cc'ed on the email.

5. Upon receipt of service, Mr. Swimmer demanded that DHL pay half of the anticipated *custodia legis* costs from the date of attachment pursuant to the Order. Mr. Swimmer provided a breakdown of projected costs as well as National Maritime's wire instructions.

6. On August 25, 2016, DHL wired $84,462.20 as its share of *custodia legis* costs from August 5, 2016 until the date of confirmation of sale of the Vessel on August 20, 2016.

_____
James H. Power

Sworn to before me this
28 day of September, 2016

_____
Notary Public

Elvin Ramos
Notary Public, State of New York
NO. 01RA4870243
Qualified in Queens County
Certificate filed in New York County
Commission Expires September 2, 2018

| | |
|---|---|
| **From:** | Power, James H (NYC - X73494) |
| **Sent:** | Friday, August 05, 2016 2:43 PM |
| **To:** | Alan Swimmer |
| **Cc:** | Larsen, Marie E (NYC - X73477); Travis Windsor |
| **Subject:** | DHL v. Newlead Castellano |
| **Attachments:** | Order of Issuance of Process of Maritime Attachement and Garnishment.pdf; Process of Maritime Attachment and Garnishment.pdf |

Dear Mr. Swimmer,

I am counsel for DHL. Please take notice of DHL's service of the order for attachment and writ of attachment via verifiable electronic means on You, the substitute custodian (or representative thereof). With this email DHL has perfected the attachment of the Vessel Newlead Castellano.

Please note the time of service.

Nothing about this attachment from DHL's perspective is intended to delay or alter the auction of the Newlead Castellano set for Monday and should not be construed to do so. However, this attachment of the Vessel shall transfer via operation of law to the sale proceeds at which time claimants in both the action brought by plaintiffs Ray Management et. al (CV 416-093) and the action brought by DHL (CV 416-123) can litigate their claims to the vessel sale proceeds constituting the substitute res.

Please confirm receipt of this email.

Regards,
James

**James Power | Holland & Knight**
Partner
Holland & Knight LLP
31 West 52nd Street | New York, NY 10019
Phone 212.513.3494 | Fax 212.385.9010
james.power@hklaw.com | www.hklaw.com

Add to address book | View professional biography

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
IN ADMIRALTY

DHL PROJECT & CHARTERING LIMITED

    Plaintiff,

vs.

NEWLEAD HOLDINGS LTD.,
NEWLEAD SHIPPING S.A.,
NEWLEAD BULKERS S.A.
NEWLEAD CASTELLANO LTD.,
GRAND VENETICO INC.,
NEWLEAD VENETICO LTD.

    Defendants.

CIVIL ACTION FILE NO. _____

CV 416-123

### ORDER OF ISSUANCE OF PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

Upon consideration of DHL Project & Chartering Limited ("DHL")'s Verified Complaint for Maritime Attachment and Garnishment and supporting affidavits thereto, filed herein on the 25th day of May, 2016, and good cause appearing therefore, it is, by the United States District Court for the Southern District of Georgia:

ORDERED that the Clerk of this Court is directed forthwith to issue the issue the Process of Maritime Attachment and Garnishment for seizure of all tangible and intangible property of the Defendants, as described therein, including, but not limited to, any property in which the Defendants have a direct or beneficial interest, including, but not limited to, the vessel M/V NEWLEAD CASTELLANO, any cargoes, cash, funds, escrow funds, debts, credits, wire

transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire, subcharter hire, and/or any other assets of, belonging to, due or being transferred to, from, or for the benefit of the Defendants (hereinafter, "Assets"), including, but not limited to, such Assets as may be held, received, or transferred for their benefit at, through, or within the possession, custody, or control of banking institutions and/or other institutions and/or such other garnishee(s) on whom a copy of the Process of Maritime Attachment and Garnishment may be served, in the amount of $14,303,762.90 pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure in respect to the claim against the Defendants, as identified in the Verified Complaint and as specified in the Process; and it is

FURTHER ORDERED, that any person claiming an interest in the property attached or garnished pursuant thereto may, upon a showing of any improper practice or a manifest want of equity on the part of Plaintiff, be entitled to an order requiring Plaintiff to show cause forthwith why the attachment should not be vacated; and it is

FURTHER ORDERED, that a copy of this order be attached to and served with the said Process of Maritime Attachment and Garnishment; and it is

FURTHER ORDERED, that supplemental process enforcing the Court's Order may be issued and served without further Order of the Court; and it is

FURTHER ORDERED, that the vessel M/V NEWLEAD CASTELLANO shall be deemed attached pursuant to Rule B when a copy of this order is served with the said Process of Maritime Attachment and Garnishment by the U.S. Marshal upon the M/V NEWLEAD CASTELLANO or by service of on a substitute custodian by DHL via verifiable electronic means including, but not limited to, email; and it is

FURTHER ORDERED, that DHL shall not be responsible for any portion of Custodia Legis expenses unless and until a copy of this order and said Process of Maritime Attachment and Garnishment is served upon the M/V NEWLEAD CASTELLANO by the U.S. Marshal or a copy of this order is served upon the substitute custodian by DHL via verifiable electronic means including, but not limited to, email; and it is

FURTHER ORDERED, that DHL's share of custodia legis costs, if any, shall begin to accrue at the time a copy of this order and said Process of Maritime Attachment and Garnishment is served upon the M/V NEWLEAD CASTELLANO by the U.S. Marshal or a copy of this order is served upon the substitute custodian by DHL via verifiable electronic means including, but not limited to, email.

SO ORDERED

Dated: May 25th, 2016

_____
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION
IN ADMIRALTY

| | |
|---|---|
| DHL PROJECT & CHARTERING LIMITED <br><br> Plaintiff, <br><br> vs. <br><br> NEWLEAD HOLDINGS LTD., <br> NEWLEAD SHIPPING S.A., <br> NEWLEAD BULKERS S.A. <br> NEWLEAD CASTELLANO LTD., <br> GRAND VENETICO INC., <br> NEWLEAD VENETICO LTD. <br><br> Defendants. | CIVIL ACTION FILE NO. _____ <br><br> CV416-123 |

## PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

TO THE U.S. MARSHAL OF THE SOUTHERN DISTRICT OF GEORGIA, SAVANNAH DIVISION:

WHEREAS a Verified Complaint has been filed in the United States District Court for the Southern District of Georgia on the 25th day of May, 2016, styled *DHL Project & Chartering Limited v. Newlead Holdings Ltd., et al.*, for amounts due Plaintiff from Defendants in connection with a claim for security for a maritime claim subject to arbitration, the underlying basis of which is a claim for breach of a charter party, and praying for Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplement Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, against the said Defendants in the amount of $14,303,762.90; and

WHEREAS this Process is issued pursuant to such prayer and requires that a garnishee shall serve his Answer, together with answers to any Interrogatories served with the Verified Complaint, within 20 days after service of process upon him and requires that Defendants shall serve their Answers within 30 days after process has been executed, whether by attachment of property or service on the garnishees or arrests/attachment of property within the possession of the garnishees;

NOW THEREFORE, we do hereby command you that if the said Defendants cannot be found within the District, you attach all assets within this District comprising the vessel M/V NEWLEAD CASTELLANO, any cargoes, cash, funds, escrow funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire subcharter hire, or any other assets of, belonging to, due or being transferred for the benefit of the said Defendants (collectively hereinafter, "Assets"), including but not limited to, such Assets as may be held, received, or transferred in the Defendants' own names or as may be held, received, or transferred in the Defendants' own names or as may beheld, received, or transferred for their benefit at, through or with the possession, custody, or control of banking institutions, including but not limited to $14,303,762.90, together with any such Assets as may be held by any other garnishee(s) on whom a copy of this Process of Maritime Attachment and Garnishment may be served, and that you seize them and promptly after execution of this process, file the same in this Court with your return thereon.

#46208735_v1

WITNESS, the Honorable ~~William T. Moore, Jr.~~, Judge of said Court this 25th day of May, 2016.

**SCOTT L. POFF, CLERK**

_____
Clerk of Court

By: _____
Deputy Clerk

NOTE: THIS PROCESS IS ISSUED PURSUANT TO RULE B OF THE SUPPLEMENTAL RULES FOR CERTAIN ADMIRALTY AND MARITIME CLAIMS OF THE FEDERAL RULES OF CIVIL PROCEDURE

3

#46208735_v1

| | |
|---|---|
| **From:** | Alan Swimmer <aswimmer@seizureandcustody.com> |
| **Sent:** | Friday, August 05, 2016 4:01 PM |
| **To:** | Power, James H (NYC - X73494) |
| **Cc:** | Larsen, Marie E (NYC - X73477); twindsor@brennanwasden.com; Patrick E. Novak, (pnovak@admiral-law.com); Bill O'Dell; Neil Quartaro (NQuartaro@wfw.com) |
| **Subject:** | RE: DHL v. Newlead Castellano |
| **Attachments:** | 61004 NEWLEAD CASTELLANO PROJECTED COSTS DHL.pdf; NMS Wire Instruction.pdf; Commercial Vessel Custody Agreement 8-1-14.docx |

Dear Mr. Power,

We acknowledge receipt of the attachment order and have forwarded same to vessel's Master.

I have discussed this unique situation with counsel, Patrick Novak, in order to minimize our risk and ensure payment of custodial costs, which are projected to be approximately $214,000 - from this point in time through the likely sale date. The attached order indicates your client is responsible for their share; please immediately forward $107,000, representing half of the anticipated costs. Additionally, please execute and return the attached custody agreement.

Enjoy your weekend.

Best regards,


Alan Swimmer, President
National Maritime Services
E-mail: ASwimmer@SeizureandCustody.com
Phone: (203) 988-4184
Fax: (954) 843-7896

NATIONAL MARITIME SERVICES

---

**From:** James.Power@hklaw.com [mailto:James.Power@hklaw.com]
**Sent:** Friday, August 05, 2016 2:43 PM
**To:** Alan Swimmer
**Cc:** Marie.Larsen@hklaw.com; twindsor@brennanwasden.com
**Subject:** DHL v. Newlead Castellano

Dear Mr. Swimmer,

I am counsel for DHL. Please take notice of DHL's service of the order for attachment and writ of attachment via verifiable electronic means on You, the substitute custodian (or representative thereof). With this email DHL has perfected the attachment of the Vessel Newlead Castellano.

Please note the time of service.

1

Nothing about this attachment from DHL's perspective is intended to delay or alter the auction of the Newlead Castellano set for Monday and should not be construed to do so. However, this attachment of the Vessel shall transfer via operation of law to the sale proceeds at which time claimants in both the action brought by plaintiffs Ray Management et. al (CV 416-093) and the action brought by DHL (CV 416-123) can litigate their claims to the vessel sale proceeds constituting the substitute res.

Please confirm receipt of this email.

Regards,
James

**James Power | Holland & Knight**
Partner
Holland & Knight LLP
31 West 52nd Street | New York, NY 10019
Phone 212.513.3494 | Fax 212.385.9010
james.power@hklaw.com | www.hklaw.com

Add to address book | View professional biography

NOTE: This e-mail is from a law firm, Holland & Knight LLP ("H&K"), and is intended solely for the use of the individual(s) to whom it is addressed. If you believe you received this e-mail in error, please notify the sender immediately, delete the e-mail from your computer and do not copy or disclose it to anyone else. If you are not an existing client of H&K, do not construe anything in this e-mail to make you a client unless it contains a specific statement to that effect and do not disclose anything to H&K in reply that you expect it to hold in confidence. If you properly received this e-mail as a client, co-counsel or retained expert of H&K, you should maintain its contents in confidence in order to preserve the attorney-client or work product privilege that may be available to protect confidentiality.